**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In Re Jeffrey A. Marcolina,
Debtor,

Jeffrey A. Marcolina,

Appellant,

v.

Seiloff & Associates, P.A.,

Appellee.

Civil File No. 00-1038 (MJD)
Bky. File No. 97-37274
**ORDER**

---

This matter is before the Court upon Appellant Jeffrey Marcolina's appeal from Bankruptcy Judge Gregory F. Kishel's March 14, 2000, dismissal of Appellant's Chapter 13 case. The Bankruptcy Court had earlier denied confirmation of Appellant's proposed Chapter 13 plan, on the ground that it was not proposed in good faith.

The determination of good faith in proposing a Chapter 13 plan is a factual finding reviewed under the clearly erroneous standard. See Handeen v. LeMaire (In re LeMaire) 898 F.2d 1346, 1349 (8th Cir. 1990); Bankruptcy Rule 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)(quoting U.S. v. Gympsum Co., 333 U.S. 364, 395 (1948).

When a creditor objects to a proposed Chapter 13 plan on the basis of lack of good faith, the debtor bears the burden of proof to demonstrate that the plan was proposed in



FILED 1/22/01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JAN 22 2001
DEPUTY CLERK

good faith. See In re Mattson, 241 B.R. 629, 635 (D. Minn. 1999)("Under §1307(c), the objecting creditor bears the burden of proof, while under §1325(a)(3), the debtor bears the burden.") The Bankruptcy Court found that appellant had not met that burden, under the "totality of the circumstances" test. See Educ. Assistance Corp. v. Zellner, 827 F.2d 1222, 1227 (8th Cir. 1987).

Based on a review of the record and consideration of the submissions of the appellant and appellee, the Court concludes that Bankruptcy Judge Kishel's order is not clearly erroneous.

Accordingly, **IT IS HEREBY ORDERED** that:

Bankruptcy Judge Gregory F. Kishel's order and final judgment dated March 14, 2000 is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Jan. 22, 2001.

Michael J. Davis
United States District Court Judge